UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) 1:24-CR-00224-CLM-JHE |
| | ) |
| **MICHAEL JAMES BAKER** | ) |

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

A consideration of the applicable sentencing factors pursuant to 18 U.S.C. § 3553(a) warrants a custodial sentence consistent with the advisory United States Sentencing Guidelines of 960 months.

**I. Factors under 18 U.S.C. § 3553(a)**

    **a. Nature and Circumstances of the Offense and Baker's History and Characteristics Justify a Guideline Sentence of Incarceration.**

The factual basis of the offenses committed by Baker is contained in paragraphs 8 through 30 of the PSR. The aggravating nature of the offenses is that Baker not only produced child pornography, but he also raped a small child. Baker then continued his criminal actions by transporting his produced child pornography onto a social media application. In his discussions with an online covert employee (OCE), Baker expressed his desires to engage in sexual acts with a prepubescent child and another 14-year-old child. Baker even bragged of the sexual acts he

1

committed with a 13-year-old child. After Baker's arrest, another young child disclosed that Baker had raped her. Although Baker does not have prior sexual convictions, it is apparent that his charged conduct does not contain all his evil acts.

In fact, like many similarly situated offenders, Baker does not have any prior criminal convictions. This is a typical characteristic of child sexual offenders. According to the U.S. Sentencing Commission, 68.5% of sexual abuse offenders had little or no prior criminal history.[1]

### b. Baker's Sentence Should Reflect the Seriousness of the Crime, Respect for the Law, and Just Punishment.

Baker's offense conduct is extremely serious. The effect of Baker's intentional criminal acts on children is immeasurable. Childhood sexual abuse can have severe detrimental psychological and physical impacts.[2] In 2023, the National Center for Missing and Exploited Children received nearly 40,000,000 reports involving child pornography offenses.[3] This was an increase of approximately 20% from 2021. *Id.* Child pornography is a growing problem. Children are forced to

---

[1] *See* U.S.S.C. Quick Facts, Sexual Abuse Offenders, Fiscal Year 2023; https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Sexual_Abuse_FY23.pdf

[2] *See* Ali, S., Pasha, S., Cox, A. et al. Examining the short and long-term impacts of child sexual abuse: a review study. SN Soc Sci 4, 56 (2024). https://doi.org/10.1007/s43545-024-00852-6

[3] *See*, https://www.missingkids.org/gethelpnow/cybertipline/cybertiplinedata

live with the memories of the harm perpetrated on them for their entire lives. Thus, a Guideline sentence, which is substantially a life sentence, is appropriate for Baker.

### c. A Guideline Sentence for Baker Provides Adequate Deterrence and Protects the Community.

Based on the nature of Baker's crime and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in raping children. The government's requested sentence is needed to protect children from Baker's future crimes. Baker is a child predator. A strong message needs to be sent to those who commit these kinds of offenses. The requested sentence here will serve these purposes and is reasonable, especially taking into consideration the risk Baker poses to young children.

Additionally, specific treatment for Baker is available at the Bureau of Prisons (BOP). BOP has the capabilities to provide treatment for sex offenders and for those with a variety of conditions. In addition to the sex offender residential treatment program which is designed to target dynamic risk factors associated with re-offense, there is also the Sexual Self-Regulation (SSR) treatment protocol. The SSR teaches the practice of a set of self-management skills to gain effective control over deviant sexual urges and behaviors.[4]

---

[4] *See* First Step Act Approved Programs Guide, https://www.bop.gov/inmates/fsa/docs/fsa_program_guide_2107.pdf.

### d. A Guideline Sentence Would Avoid Unwarranted Sentence Disparities.

Even though the Guidelines are no longer mandatory, the continued use of the Guidelines in an advisory fashion would promote the purposes of Congress in making the sentencing system to be honest, fair, and uniform. *See United States v. Booker,* 125 S.Ct. 738, 767 (2005). Any deviation from the Guidelines must have a "justification [that] is sufficiently compelling" and "a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, 128 S.Ct. 586, 597 (2007).

The sentence the government advocates here is not disparate with other sentences for defendants convicted of similar crimes. Kenneth Hooks (2:19-cr-136-LSC-JHE) was sentenced to life for sexually abusing children and videotaping the abuse. Michael Tays (3:19-cr-532-MHH-HNJ) was sentenced to 70 years for sexually molesting a child entrusted in his care and recording the abuse. Stephen Frederick Ott (5:20-cr-133-LCB-HNJ) was sentenced to 320 years for sexually molesting a child and photographing the abuse. Matthew Tyler Miller (7:19-cr-310-LSC-HNJ) was sentenced to 600 years for sexually abusing two young children, (4 years old and younger) and photographing the abuse.

## II.     Supervised Release

Following Baker's term of incarceration, a lifetime term of supervised release is both necessary and appropriate in this case to protect the children in our communities. Notably, the Sentencing Guidelines also recommend a lifetime term of supervised release for sex offenders, U.S.S.G. § 5D1.2(b) (Policy Statement). Together, 5D1.2(b) and § 3583(k), which implements a 5-year minimum term of supervised release up to a lifetime term for certain sex offenses, "reflect[] the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public." *United States v. Morace*, 594 F.3d 340, 351 (4th Cir. 2010) (quoting *United States v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008).[5]   In imposing a term of supervised release, the Court is again guided by the considerations in § 3553(a).

As stated in the factual basis of the plea agreement, those factors here show that Baker raped a small child, and it was not his only act of rape on a child.   These factors demonstrate the danger he poses to children and substantiate the necessity of monitoring and supervision to prevent Baker from reoffending.

---

[5] *See also, United States v. Young*, 502 F. App'x 726, 729 (10th Cir. 2012) (collecting cases from sister circuits that have upheld lifetime supervision for defendants convicted of child pornography possession and trafficking offenses); *United States v. Galarza*, 625 F. App'x 434, 440 (11th Cir. 2015) (per curiam) (collecting cases in the Eleventh Circuit finding a life term of supervised release was substantively reasonable).

## III. Special Assessments

In addition to the standard special assessment, Baker is subject to two additional assessments: (1) the Amy, Vicky, and Andy Child Pornography Victim Assistance Act and (2) the Justice for Victims of Trafficking Act.

### a. Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA)

The AVAA created new mandatory special assessments specific to child pornography offenses. Under 18 U.S.C. § 2259A, the court shall assess not more than $50,000 on defendants convicted of a child pornography production offense and not more than $35,000 on convictions involving the trafficking of child pornography.[6] This assessment would apply separately as to each count of conviction.

Assessments collected under this statute are deposited in the Child Pornography Victims Reserve, which provides monetary assistance to victims of child pornography trafficking offenses. *See* 18 U.S.C. § 2259B. In determining what amount to assess, the Court must consider the § 3553(a) factors, as well as the factors in § 3572, which include the defendant's earning capacity; whether

---

[6] By statute a defendant's financial obligations are to be paid in the following order: first, the $100 special assessment under 18 U.S.C. § 3103; second, restitution to identified victims; third, any AVAA special assessment; and finally, other fines or costs. 18 U.S.C. § 2599A(d)(2).

6

restitution is ordered; and the expected costs to the government of imprisonment, supervised release, or probation. The government defers to the Court for the appropriate assessment under the AVAA.

### b. Justice for Victims of Trafficking Act (JVTA)

In addition to the standard special assessment, Baker is subject to the Justice for Victims of Trafficking Act (JVTA), and Baker's conviction carries a mandatory $5,000 special assessment per count of conviction. 18 U.S.C. § 3014.[7] Under the JVTA, the Court "shall" impose a $5,000 assessment on any non-indigent person convicted of offenses in Chapter 110, like Baker's crimes. 18 U.S.C. § 3014(a)(1).

It is the defendant's burden to show indigence and if he does not meet that burden, there is "no room for discretion" and the special assessment must be imposed. *United States v. Shepherd*, 922 F.3d 753, 757 (6th Cir. 2019). Although the statute is silent on whether the court can consider future earnings, multiple circuit courts of appeal have affirmed a wholistic approach, considering both the defendant's current ability to pay and the defendant's earnings capacity.[8]

---

[7] 18 U.S.C. § 3014 provides that, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under Chapter 110. The "Further Continuing Appropriations and Disaster Relief Supplemental Appropriations Act, 2025" extended the special assessment to March 14, 2025. [Signed on December 21, 2024].

[8] *See, e.g., United States v. Strange*, 692 F. App'x 346, 349 (9th Cir. 2017) ("Because [defendant's] capacity to work is relevant to whether he can comply with a three-year payment plan, the district court properly took into account that [defendant] was 'able-bodied,'" affirming

7

## IV.  Conclusion

A guideline sentence is warranted in this case.  In accordance with the plea agreement, the government recommends a sentence of 960 months incarceration, followed by a life term of supervised release.

Respectfully submitted, this the 10th day of March, 2025.

                PRIM F. ESCALONA
                UNITED STATES ATTORNEY

By:  */s/ R. Leann White*
      R. LEANN WHITE
      Assistant United States Attorney
      United States Attorney's Office

---

the imposition of the $5,000 special assessment); *United States v. Graves*, 908 F.3d 137, 138 (5th Cir. 2018); *United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017); *United States v. Janatsch*, 722 F. App'x 806, 811 (10th Cir. 2018); *United States v. Lail*, 736 F. App'x 381, 382 (4th Cir. 2018) (per curiam).

## CERTIFICATE OF SERVICE

I certify that I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant.

                                  */s/ R. Leann White*
                                  R. LEANN WHITE