IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case no. 1:24-CR-224-CLM-JHE |
| ) | |
| MICHAEL JAMES BAKER ) | |

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

Michael James Baker, through counsel, hereby requests that this Court impose a custodial sentence of 600 months. He further requests this sentence be imposed concurrent with any yet-to-be-imposed sentences in related state matters pending before the Clay County District Court in case number DC 2024-52 and the Clay County Circuit Court in case numbers CC 2024-109 and CC 2024-110. (PSR at ¶¶ 57-59.) Mr. Baker submits this sentence is sufficient, but not greater than necessary, to accomplish the stated purposes of sentencing as set forth in 18 U.S.C. § 3553 (a).

**I.    The Nature and Circumstances of the Offenses**

Child sex abuse material ("CSAM") is unacceptable in any form. It represents the explicit visual recordation of actual sexual abuse. Mr. Baker has from the beginning of this case acknowledged the seriousness of the charges and never planned on any course other than to plead guilty. He offers no excuses for his behavior because there are none. Mr. Baker fully appreciates that his actions have caused irreparable harm. Mr. Baker avers that a 600-month, or 50-year, sentence satisfies the need for harsh punishment.

**II.   Mr. Baker's Background and Characteristics**

Michael James Baker turned 32 years old in November 2024. (PSR at ¶ 61.) Born in Anniston, Alabama, Mr. Baker primarily was raised by his mother and father until his father's

1

untimely passing when Mr. Baker was 14 years old. (PSR at ¶ 61.) Grief impacted almost every aspect of Mr. Baker's life. His mother, struggling with the loss, isolated herself and withdrew from many of her parental responsibilities. (PSR at ¶ 63.) Mr. Baker's older sister, Kimberly, stepped in and helped raise Mr. Baker. (PSR at ¶ 63.) Likely in an attempt to numb his grief, Mr. Baker began drinking and using marijuana shortly after his father died. (PSR at ¶¶ 71-72.) Already struggling in school prior to his father's death, Mr. Baker stopped attending classes and withdrew entirely in the ninth grade. (PSR at ¶ 75.)

To his credit, Mr. Baker pursued gainful employment to support himself and his loved ones after leaving school. He has enjoyed long-term positions at Honda Manufacturing, where he worked as a dishwasher in the cafeteria; Quality Cleaners, where he worked in dry cleaning; and Jeld-Wen Windows and Doors, where he worked as a painter. (PSR at ¶ 77.) Most recently, Mr. Baker worked at Wellborn Cabinets as a paint sprayer. (PSR at ¶ 76.)

As reflected in the PSR, Mr. Baker has continued to struggle with substance use and abuse in adulthood. (PSR at ¶¶ 71-73.) While in custody at the Clay County Detention Facility, Mr. Baker began receiving treatment for mental illness and symptoms which he began experiencing shortly after his father died. (PSR at ¶ 69.) Mr. Baker believes that his years of substance use may have been an effort to cope with his then-undiagnosed mental illness. (PSR at ¶ 70.) Though he has used alcohol and marijuana since he was a teenager, approximately four years ago Mr. Baker began abusing methamphetamine. (PSR at ¶ 73.) Mr. Baker intends to continue addressing his mental health though counseling and medical treatment while in custody, enroll in drug treatment, and pursue intensive sex offender treatment at the Bureau of Prisons.

Mr. Baker is thankful for his family's continuing support. He understands and appreciates

that his crimes warrant harsh punishment and that he has sacrificed his ability to spend meaningful time with his family as a free man. Mr. Baker avers that the requested 600-month sentence is appropriate in light of his history and characteristics.

### III.     The Remaining 18 U.S.C. § 3553(a) Sentencing Factors.

Mr. Baker submits that his requested sentence also comports with the remaining sentencing factors set forth at § 3553(a). A 600-month sentence will adequately reflect the seriousness of the offense, promote respect for the law, and justly punish him. Similarly, it will adequately deter criminal conduct, both for Mr. Baker and for others, and protect the public from further crimes. *See* 3553(a) (2) (B), (a) (2) (C). The requested sentence will also sufficiently deter and indeed, prevent him from future criminal activity against the public at large.

The guideline range for CSAM offenders has drastically increased since the 1990s.[1] As such, offenders like Mr. Baker face significant sentences despite minimal criminal history. Per statistics released by the U.S. Sentencing Commission, in fiscal year 2019, "45.0% of all sexual abuse offenders received a below range variance. Their average sentence reduction was 32.6%."[2] For sexual abuse offenders facing a mandatory minimum penalty, such as Mr. Baker, the average sentence imposed in 2019 was 298 months.[3] In the Eleventh Circuit, 44 of the 91 defendants sentenced for sexual abuse offenses in 2019 received variances, averaging 48.4%.[4] As detailed in

---

1 U.S. Sentencing Commission. 2012 Report to the Congress: Federal Child Pornography Offense. https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf.
2 U.S. Sentencing Commission. Quick Facts: Sexual Abuse Offenders. https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Sexual_Abuse_FY19.pdf. May 2020.
3 *Id*.
4 U.S. Sentencing Commission. Statistical Information Packet, Fiscal Year 2019, Eleventh Circuit. https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-

the Judiciary Sentencing Information ("JSIN") section of the PSR, for the 824 defendants (100%) similarly situated to Mr. Baker with a Final Offense Level of 43 and a Criminal History Category of I sentenced under § 2G2.1, the average length of imprisonment imposed was 348 month(s) and the median length of imprisonment imposed was 360 month(s). Thus, granting a downward variance in this case will not result in an unwarranted sentencing disparity.

Mr. Baker acknowledges that his advisory guidelines calculation reaches a sentencing range of life, adjusted to 960 months due to the statutory maximum sentences. (PSR at ¶ 81.) While the calculation in the Presentence Report includes a deduction for acceptance of responsibility, as a practical matter, a sentence of life obviously gives no real credit for acceptance of responsibility. (PSR at ¶¶ 50–52.) In a pre-*Booker* decision, the Eleventh Circuit specifically authorized a discretionary downward departure under these circumstances. The Court noted:

> Indeed, that § 3E1.1 requires a reduction in offense level for acceptance of responsibility suggests that the Commission contemplated that a defendant always would receive some benefit at sentencing for accepting responsibility for his conduct. As the commentary to § 3E1.1 explains, "[t]he reduction of offense level ... recognizes legitimate societal interests. For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense ... is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (Background) . . . . . A departure from the sentence prescribed by § 5G1.1 (a) when the defendant's acceptance of responsibility has not been duly recognized is consistent with the goals of the guidelines.

*United States v. Rodriguez*, 64 F.3d 638, 643 (11th Cir. 1995) (vacating and remanding for resentencing, where lower court concluded it had no discretion to depart downward under these circumstances).

---

district-circuit/2019/ny19.pdf.

## IV. Conclusion.

Mr. Baker understands the egregious nature of his crimes and related conduct. He has fully accepted responsibility for his actions, and he is remorseful for the tremendous pain his criminal conduct has caused his victims, their families, and society as a whole. He is a first-time offender, with a criminal history score of zero. The requested 600-month sentence is a serious and sufficient punishment.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender

ROBIN ROBERTSON
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Alabama
505 20th Street, North, Suite 1425
Birmingham, Alabama 35203
(205) 208-7170
Robin_Robertson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I electronically filed the foregoing via this Court's CM/ECF system.

ROBIN P. ROBERTSON